**Ernest R. ZERMAN, Plaintiff-Appellant,**

v.

**Harry A. JACOBS, Jr; Loren P. Lyon, the New York Stock Exchange, Inc., and Irene Schonzeit, Defendants-Appellees.**

**Ernest R. ZERMAN, Plaintiff-Appellant,**

v.

**Harry A. JACOBS, H. Virgil Sherrill, and Bache Halsey Stuart Shields, Inc., Defendants-Appellees.**

**Dockets 84–7535, 84–7373.**

United States Court of Appeals, Second Circuit.

Motion Submitted Dec. 22, 1986.

Decided March 17, 1987.

Michael Straus, New York City (Sullivan & Cromwell, New York City, of counsel), for defendants Jacobs, Sherrill and Prudential Bache.

Ernest R. Zerman, pro se.

Before MANSFIELD *, PRATT and ALTIMARI, Circuit Judges.

PER CURIAM:

In docket no. 84–7373 this court found that Ernest R. Zerman had taken a frivolous appeal and assessed double costs plus $2,500 damages payable to Prudential-Bache Securities, Inc. We directed that they be paid within 14 days. Costs were assessed at $75.90, which when doubled became $152.80, so that pursuant to the court's order Zerman was obligated to pay to Prudential-Bache Securities a total of $2,652.80.

In docket no. 84–7535 the court again found that Zerman had taken a frivolous appeal and ordered him to pay to Prudential-Bache Securities, Loren P. Lyon, and Irene Schonzeit an attorney's fee of $4,000 plus double costs, which after doubling amounted to $742.80, for a total of $4,742.80.

On oral argument on November 25, 1986, before this panel of the appeal in Ernest R. Zerman, Esq., appellant, against Harry A. Jacobs, Jr., Virgil Sherrill, and Prudential-Bache Securities, Inc., appellees, no. 86–7673, Mr. Zerman, an attorney who appeared *pro se*, was asked by the court whether he had paid either of those sanctions. He responded that he had not paid the sanction in no. 84–7373 "because I did not deem it a frivolous appeal." When asked whether he intended to pay the sanction in no. 84–7535, he replied "I do not intend to pay it because I am not able to pay it." There was further discussion at the oral argument about the possibility of holding Zerman in contempt, but no formal action in that regard was then taken. Appellee's counsel did, however, indicate that based upon Zerman's admissions in open court he would consider moving for an order finding Zerman in contempt of this court.

By motion dated December 4, 1986, the motion to punish Zerman for contempt was made. Zerman was given the opportunity to submit any opposing papers by December 19, 1986. The only opposition he has submitted to the contempt motion is a two page document entitled "Opposition to Contempt Motion", dated December 16, 1986, and filed in the clerk's office on December 22, 1986. In that document, however, Zerman addresses none of the claims or allegations asserted by appellees. He does not indicate any change from his position on oral argument that he did not intend to pay the sanctions imposed by this court's prior two orders. Although he made some reference on the oral argument to an inability to pay, he has submitted no documentation of his financial inability, nor did he even claim inability to pay in his opposition papers. It appears that Zerman's failure to pay the sanctions imposed by the two prior orders of this court is grounded primarily in Zerman's disagreement with this court's rulings that the appeals in those two cases were frivolous.

---

* Senior Judge Walter R. Mansfield completed the panel that heard the oral argument referred to herein, and he was part of the panel to which this motion was directed. While he had indicated, prior to his death, that he agreed with the views expressed herein, he never had an opportunity to read this opinion and therefore did not cast a vote.

Despite Zerman's clear failure to appreciate the gravity of bringing frivolous actions and filing frivolous appeals, and despite his erroneous view of the propriety of our prior orders, we think that a sanction of civil contempt and the consequences it would entail for Zerman, an attorney, is more than is needed to remedy the situation. We therefore deny appellees' motion for civil contempt, without prejudice to whatever civil remedies appellees may have to collect the sanctions heretofore imposed on Zerman. *Sua sponte*, however, we direct the clerk of this court to accept no further papers from Ernest R. Zerman, acting *pro se*, on any civil matter until he provides the court with adequate proof of compliance with the sanctions imposed in No. 84–7373 and No. 84–7535. *See Johl v. Johl*, 788 F.2d 75, 76 (2d Cir.1986) (per curiam); *Schiff v. Simon & Schuster, Inc.*, 766 F.2d 61 (2d Cir.1985) (per curiam).