Edward D. CHRISTENSEN, Plaintiff–Appellant,

v.

Brent D. WARD, C. William Ryan, Tena Campbell, Randy G. Durfee, Richard A. Jones, Bruce Jenkins, David K. Winder, David Sam, Calvin Gould, Daniel A. Alsup, Ronald N. Boyce, Carol Fay, D.E. Pecorella, Frank Pritchett, Linda S. Jernigan, Lawnie C. Mayhew, Dennis Rees Packard, and John and Jane Does 1 Through 100, Defendants–Appellees.

Edward D. CHRISTENSEN, Plaintiff–Appellant,

v.

Walter T. McGOVERN, John C. Merkel, David B. Bukey, Jean S. Anderson, Robert M. Taylor, Clifford J. Wallace, Thomas Tang, David Thompson, Edwin Meese, III, Kirk C. Lusty, Jules G. Korner, III, John P. Moore, Oliver Seth, Wayne E. Alley, Michael L. Paup, William H. Rehnquist, Byron R. White,

William J. Brennan, Harry A. Blackmun, Thurgood Marshall, John Paul Stevens, Anthony M. Kennedy, Sandra D. O'Connor, Antonin Scalia, and John and Jane Does 1 Through 100, Defendants–Appellees.

Nos. 89–4099, 89–4100.

United States Court of Appeals, Tenth Circuit.

Oct. 3, 1990.

Certiorari Denied Dec. 3, 1990.

See 111 S.Ct. 559.

Before LOGAN, SEYMOUR and ANDERSON, Circuit Judges.

We have considered the response to the order to show cause issued June 29, 1990. 916 F.2d 1462. Sanctions are imposed as follows: (1) Double costs are awarded in favor of the United States. The clerk shall issue an amended statement of costs. (2) Mr. Christensen is prohibited from filing any complaint in the United States District Court for the District of Utah or any appeal in this court that contains the same or similar allegations to the ones set forth in his complaints and other pleadings in the cases at bar (including any direct or indirect challenge to the previous court proceedings or judgments referred to in our order and judgment of June 29, 1990). If such an appeal is docketed, the clerk of this court shall institute dismissal proceedings. (3) Mr. Christensen shall pay to the Clerk of the United States Court of Appeals for the Tenth Circuit five hundred dollars ($500.00) as a limited contribution to the United States for the costs and expenses of this action. (4) Mr. Christensen shall not be permitted to pursue further civil appeals in this court until he provides the court with adequate proof of compliance with the sanctions imposed in this case and in *Christensen v. Commissioner*, No. 87–2158, slip op. (10th Cir. Feb. 24, 1988). *See Zerman v. Jacobs*, 814 F.2d 107, 109 (2d Cir.1987); *Stelly v. Commissioner*, 804 F.2d 868, 871

(5th Cir.1986); and *Schiff v. Simon & Schuster,* 766 F.2d 61, 62 (2d Cir.1985).