961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edward D. CHRISTENSEN, Defendant-Appellant,
and
Steven Wayne Christensen; Linda Ann Christensen; Farrell
H. Christensen; Cheryl Lyn Christensen, Defendants.
 No. 91-4021.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1992.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and KANE,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 KANE, Senior District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Defendant Edward Dean Christensen appeals from an October 4, 1990, Memorandum Decision, a November 19, 1990, order denying his Motion to Reconsider and Vacate Memorandum Decision, and a January 29, 1991, order denying additional motions.[1] We conclude that we lack jurisdiction to review either the final judgment entered November 5, 1990, or the November 19, 1990, order, and dismiss the appeal from these documents. We have jurisdiction to review the January 29, 1991, order, but dismiss the appeal from this order pursuant to Christensen v. Ward, 916 F.2d 1485 (10th Cir.), cert. denied, 111 S.Ct. 559 (1990).
 
 
 6
 Defendant failed to file a federal income tax return for the years 1972-77. The United States Tax Court entered a decision determining Defendant's total tax liability for the years 1972-77. The Secretary of the Treasury made assessments against Defendant for unpaid taxes, interest, and penalties for the years 1973-77. Pursuant to 26 U.S.C. § 6321, tax liens arose in favor of the United States against all property and rights to property of Defendant.
 
 
 7
 Plaintiff commenced this action to reduce to judgment the federal tax assessments against Defendant, to set aside fraudulent conveyances by Defendant or alternatively for a finding that Defendant had an equitable interest in certain parcels of real estate, and to foreclose federal tax liens on that real estate. In addition to Defendant, the suit named as defendants four individuals who may have claimed an interest in real property that was the subject of the action.
 
 
 8
 Defendant moved to dismiss, attacking the validity of the income tax generally and the assessment against him specifically. He also moved to quash notices of deposition and for protective orders to prevent discovery. The district court denied Defendant's motions. It granted Plaintiff's motion for a default judgment under Fed.R.Civ.P. 37(b)(2)(C) after Defendant refused to attend properly noticed depositions despite the court's rulings that his objections to such depositions were meritless.
 
 
 9
 The case against the remaining defendants proceeded to trial. In an October 4, 1990, Memorandum Decision, the court concluded that the United States held tax liens in the amount of $165,103.75; that conveyances of certain parcels of real property by Defendant to other defendants were fraudulent; that the conveyances would be set aside; and that the tax liens attached to this property. It granted judgment against Defendant in the amount of $165,103.75, and foreclosure of the tax liens against the parcels of real estate described in the decision. A formal judgment was entered on November 5, 1990.
 
 
 10
 On October 26, 1990, Defendant filed a Motion to Reconsider and to Vacate Memorandum Decision, which the district court denied on November 19, 1990. Also on November 19, 1990, Defendant filed a Motion to Accept Additional Authority. On December 19, 1990, he filed a Motion to Accept Additional Authority, Arguments and to Vacate Sanctions. On January 16, 1991, he filed a Motion to Reconsider and to Vacate Memorandum Decision. (The latter three motions will be referred to collectively as the post-judgment motions). In a January 29, 1991, order the court declined to rule on the post-judgment motions after concluding that they were moot. On February 7, 1991, Defendant filed his notice of appeal.
 
 
 11
 In a civil case in which the United States is a party, a notice of appeal must be filed within sixty days after entry of the judgment or order appealed from. Fed.R.App.P. 4(a)(1). However, the timely filing of certain motions extends the commencement of the appeal time until disposition of the motion. Fed.R.App.P. 4(a)(4). These motions are timely if made within ten days of entry of judgment. Fed.R.Civ.P. 50(b), 52(b), 59(b), 59(e).
 
 
 12
 "[R]egardless of how styled, a motion questioning the correctness of a judgment and timely made within ten days thereof will be treated under Rule 59(e).... [P]ost-judgment motions filed within ten days of the final judgment should, where possible, be construed as Rule 59(e) motions...." Dalton v. First Interstate Bank of Denver, 863 F.2d 702, 703-04 (10th Cir.1988) (citations omitted). A Rule 59(e) motion is timely even though it is made before the judgment is entered. Hilst v. Bowen, 874 F.2d 725, 726 (10th Cir.1989). We conclude the October 26, 1990, motion was a timely Rule 59(e) motion. Thus the time to appeal from the judgment ran from denial of this motion on November 19, 1990, or until January 18, 1991.
 
 
 13
 We reject Defendant's argument that the November 5, 1990, judgment did not become final and appealable until the court decided his post-judgment motions. Only timely motions listed in Rule 4(a)(4) extend the appeal time. Longstreth v. City of Tulsa, 948 F.2d 1193, 1195 (10th Cir.1991). The post-judgment motions were not timely motions listed in Rule 4(a)(4). The post-judgment motions would not extend the appeal time if they were construed as motions to reconsider the November 19, 1990, order, because a motion to reconsider an order denying a motion that extended the appeal time typically does not again extend the appeal time. Venable v. Haislip, 721 F.2d 297, 299 (10th Cir.1983). Nor would the motions toll the appeal time if construed as Rule 60(b) motions because Rule 60(b) motions do not extend the appeal time. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978).
 
 
 14
 The February 7, 1991, notice of appeal was untimely with respect to the November 5, 1990, judgment and the November 19, 1990, order. We lack jurisdiction of the appeal from these documents. See Gooch v. Skelly Oil Co., 493 F.2d 366, 368 (10th Cir.) (appellate court acquires jurisdiction over appeal only upon filing of timely notice of appeal), cert. denied, 419 U.S. 997 (1974). Our review is limited to the January 29, 1991, order.
 
 
 15
 Turning to the merits, in Christensen v. Ward, 916 F.2d at 1485, we prohibited Defendant from filing any appeals in this court that contain the same or similar allegations as those set forth in his pleadings in that case, and directed that if such an appeal is docketed, the clerk of this court shall institute dismissal proceedings. The following claims raised in this appeal are the same as or similar to those raised in Christensen v. Ward: 1) requiring individuals to file income tax returns violates the Fourth and Thirteenth Amendments to the U.S. Constitution; 2) Defendant's due process rights were violated; 3) the power to require Defendant to make income tax returns has not been delegated to the United States by the Constitution, Christensen v. Ward, 916 F.2d 1462, 1466 (10th Cir.), cert. denied, 111 S.Ct. 559 (1990); 4) the district court lacked jurisdiction because Defendant does not live on a federal enclave, id. at 1466-67; 5) 26 U.S.C. § 6012 excepts individuals from making returns; and 6) the Constitution does not require that Defendant pay additional taxes where he has already paid three times the per capita amount of federal taxes for his entire life, id. at 1468.
 
 
 16
 Defendant also argues that 26 C.F.R. § 1.6012-1(a)(5) requires any return made by an agent be accompanied by a power of attorney authorizing the agent to represent the principal in making the return, and no agent had a power of attorney to execute the returns for Defendant relied on by the Tax Court. While Defendant asserted in his November 19, 1990, motion that the Internal Revenue Service was required to apply § 1.6012-1(a)(5), he did not specify in what way this provision was violated. We therefore conclude that this issue was not properly preserved. We do not address Defendant's remaining arguments because they were not raised in the post-judgment motions. We conclude that the appeal from the January 29, 1991, order should be dismissed pursuant to Christensen v. Ward, 916 F.2d at 1485.
 
 
 17
 We imposed sanctions against Defendant in Christensen, 916 F.2d at 1469, for "reurging positions which we have previously determined to be frivolous, and for which we imposed sanctions." Despite our admonition, Defendant continues to raise patently frivolous arguments. Therefore, we will impose double costs against Defendant and order him to pay to the clerk of the United States Court of Appeals for the Tenth Circuit $500.00 as a limited contribution to the United States for the costs and expenses of this action. Because Defendant has not had an opportunity to respond to the specific sanctions proposed, the clerk is directed to issue an order requiring him to show cause why the above sanctions should not be imposed. His response shall be limited to five pages and shall be filed within ten days of the filing of this order and judgment. Failure to file a response within ten days will result in the imposition of these sanctions. Within fourteen days of the filing of this order and judgment, Plaintiff shall file an itemized and verified bill of costs with proof of service.
 
 
 18
 The appeal is DISMISSED.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Federal R.App.P. 4(a)(6) (renumbered 4(a)(7) effective Dec. 1, 1991) contemplates that an appeal will be taken from a judgment or order that has been entered in compliance with Fed.R.Civ.P. 58. Rule 58 requires that a judgment "be set forth on a separate document." The appeal should have been taken from the November 5, 1990, judgment. We construe the appeal as taken from this judgment because it is manifest that that was Defendant's intent. See Foman v. Davis, 371 U.S. 178, 181 (1962) (court should construe notice of appeal as properly taken from final judgment, despite improper designation of document appealed from, where party's intent to seek review of final judgment was manifest)