**Donald L. HYMES, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 91–35888.

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 1993.[*]

Decided May 18, 1993.

Donald L. Hymes, pro se.

Gary R. Allen, Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant-appellee.

Before WRIGHT, ALARCON and BEEZER, Circuit Judges.

**ORDER**

We make clear today that we will not entertain appeals from a litigant who refuses to comply with a previous order of this court. Because Hymes has not paid $1000 in sanctions, which we imposed in 1990, we dismiss his appeal.

**I**

Since 1977, Hymes has been locked in a dispute with the Internal Revenue Service. It insists that he owes unpaid taxes, now amounting to nearly $60,000.

He sought relief first in Tax Court. Instead, it conclusively established his tax liabilities for 1977, 1980, 1981 and 1982. *Hymes v. Commissioner,* No. 39912–85 (T.C. June 25, 1987). He went next to district court. There he sought to enjoin named IRS agents from collecting unpaid taxes for 1980, 1981 and 1983, alleging constitutional violations and a *Bivens* action. The court dismissed for lack of subject matter jurisdiction the portion of Hymes' complaint seeking an injunction, finding it barred by the Anti–Injunction Act, 26 U.S.C. § 7421(a). *Hymes v. Brock,* No. F88–028, slip op. at 1–3

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

**702**

(D.Alaska Feb. 17, 1989). We affirmed and imposed sanctions of $1000 upon Hymes for pursuing a frivolous appeal. *Hymes v. Brock,* 912 F.2d 469 (9th Cir.1990).

Next, he filed a second action in district court, this time contending that the IRS had not followed statutory procedures in placing liens on his real property and levying on his wages and other income. He sought to enjoin the agency from enforcing the liens and levies and to quiet title to real and personal property. The court denied his motion for a preliminary injunction and dismissed the action for lack of subject matter jurisdiction. He appeals.

## II

■ Courts have inherent power to dismiss actions for nonpayment of costs in prior actions. *Hacopian v. United States Dep't of Labor,* 709 F.2d 1295, 1297 (9th Cir.1983). This power also extends to a litigant's failure to pay previously imposed sanctions. *See Schiff v. Simon & Schuster, Inc.,* 766 F.2d 61, 62 (2d Cir.1985) (per curiam) ("To make the sanction effective and thereby protect the processes of a court from abuse, a litigant against whom Rule 38 sanctions have been imposed must comply with those sanctions before being permitted to pursue new matters in that court.").

We dismiss this appeal. We also direct the clerk of this court not to accept from Hymes any further petitions, notices or other papers for filing without prior leave of this court. *Cf. Schiff v. United States,* 919 F.2d 830, 835 (2d Cir.1990) (per curiam), *cert. denied,* —— U.S. ——, 111 S.Ct. 2871, 115 L.Ed.2d 1037 (1991); *Zerman v. Jacobs,* 814 F.2d 107, 109 (2d Cir.1987) (per curiam); *Stelly v. Commissioner,* 804 F.2d 868, 872 (5th Cir.1986) (per curiam).

**DISMISSED.**