26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KALAMA, et al., Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-16863.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1994.*
Decided June 6, 1994.
 
 Before: D.W. NELSON and BEEZER, Circuit Judges, and LETTS,** District Judge.
 MEMORANDUM***
 Harold K. Kalama and Kim L. Kalama ("the Kalamas") appeal pro se the district court's order directing the clerk of the court not to file the Kalamas' complaint against the United States. The district court acted pursuant to a 1987 pre-filing order entered by another district court judge, which barred the Kalamas from filing any further pleadings without obtaining a court order. The Kalamas filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 FACTUAL SUMMARY
 In a case filed in the Northern District of California, Kalama v. Hora, et al., No. C-86-6630-RFP, the Kalamas contested certain rulings against them in a tax-related case by suing certain state court judges.
 Judge Peckham, of the Northern District of California, found that the Kalamas had filed meritless papers and imposed sanctions against them. The Kalamas, however, continued to file papers, including papers which purported to be court orders, which Judge Peckham found to be meritless.
 On March 27, 1987, Judge Peckham issued an order directing the clerk of the court "not to file any further pleadings from Harold or Kim Kalama without a previous order of a judge of this court declaring them to be meritorious." This order was based on Judge Peckham's finding that: (1) the Kalamas had filed groundless motions and purported court orders in a case in which summary judgment already had been entered against them; and (2) previous monetary sanctions had had no deterrent effect.
 On February 25, 1992, the Kalamas filed this action against the United States alleging that the Internal Revenue Service had illegally disclosed information about the Kalamas to others, failed to respond to requests for information in violation of the Freedom of Information Act and failed to comply with certain administrative procedures in acting against the Kalamas. The district court found that the claims were "not meritorious" and directed the clerk not to file the action pursuant to the 1987 court order.
 The clerk of the court did not file the complaint for several months. In July, 1992 the Kalamas filed in this court an application for writ of mandamus directing the district court to file their complaint. CA No. 92-70535. This court denied the Kalamas' petition without prejudice on September 18, 1992.
 On August 18, 1992 Judge Lynch made substantive findings that each of the Kalamas' claims were without merit and directed the clerk of the court not to file the Kalamas' complaint. The order of Judge Lynch was made pursuant to the 1987 pre-filing order of Judge Peckham.
 ANALYSIS
 We review the district court's order for abuse of discretion. See, e.g., Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1524 (9th Cir.1983), cert. denied, 465 U.S. 1081 (1984).
 Federal courts have the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir.), cert. denied, 498 U.S. 1001 (1990) (quoting Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir.1989)). However, pre-filing orders against vexatious litigants rarely should be filed, given the extreme nature of such an order. Id.
 A district court must follow certain guidelines before it can enter a valid pre-filing order: (1) the order must give plaintiff notice and opportunity to oppose the order before it is entered; (2) the district court must create an adequate record for review; (3) the court must make substantive findings of frivolousness; and (4) the order must be narrowly tailored. Id. at 1147-48.
 There is no evidence that the Kalamas were given notice and opportunity to be heard before the pre-filing order was entered against them. The 1987 pre-filing order is invalid and the district court erred by ordering the clerk of the court not to file the Kalamas' complaint pursuant to that order.
 Any future pre-filing order must comply with the requirements of De Long. The court also notes that the course followed in Hymes v. U.S., 993 F.2d 701 (9th Cir.1993) may be an appropriate alternative.
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable J. Spencer Letts, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3