39 F.3d 1191
 74 A.F.T.R.2d 94-6960
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jon Barton JACOB, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-2127.
 United States Court of Appeals, Tenth Circuit.
 Nov. 2, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Jon B. Jacob appeals the district court's orders dismissing his action for injunctive relief, imposing a $5,000 sanction against him, and enjoining him from filing any further complaints until he pays outstanding sanctions. Jacob contends that the court erred in dismissing his suit as barred by the Anti-Injunction Act, 26 U.S.C. 7421(a), and that it abused its discretion in imposing sanctions under Fed.R.Civ.P. 11. We affirm.
 
 
 3
 Mr. Jacob has filed two previous suits that disputed the federal government's authority to assess taxes.[2] Both the tax court and the district court found the respective actions to be based on frivolous tax protester arguments and both imposed sanctions.
 
 
 4
 In this third action, Jacob seeks an injunction to protect his property from federal tax liens. Essentially, Mr. Jacob claims that the United States is a foreign territorial state with no power over his sovereign property. He argues that the district court should not have dismissed his suit for lack of subject matter jurisdiction because his action does not concern a "tax issue." Rather, Jacob characterizes his action as a property and boundary dispute arising under U.S. Const. art. III, 2; art. IV, 3; and amend. X, and he also claims that jurisdiction is conferred by 28 U.S.C. 1330(a) and 1605(a), which apply to actions involving foreign states. Appellant's Br. at 1, 12-13. Additionally, he asserts that jurisdiction is proper under 28 U.S.C. 1251(b)(2), which applies to actions between the United States and a state. Appellant's Supp. Br. at 5.
 
 
 5
 We review de novo the dismissal of a case for lack of subject matter jurisdiction. Fostvedt v. United States, 978 F.2d 1201, 1202 (10th Cir.1992), cert. denied, 113 S.Ct. 1589 (1993).
 
 
 6
 The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." 26 U.S.C. 7421(a). Although there are limited exceptions to the Act, none applies in Mr. Jacob's case.[3]
 
 
 7
 Jacob seeks to overcome the statutory bar by calling his action a property dispute. However, the relief he seeks is an injunction prohibiting the government from enforcing its federal tax liens, and the purpose of his suit is to restrain the assessment or collection of federal taxes. Therefore, the Anti-Injunction Act applies, and the district court properly dismissed Mr. Jacob's action for lack of subject matter jurisdiction. Bob Jones Univ. v. Simon, 416 U.S. 725, 738-39 (1974); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 5 (1962); Lonsdale v. United States, 919 F.2d 1440, 1442-43 (10th Cir.1990); see also Overton v. United States, 925 F.2d 1282, 1284-85 (10th Cir.1991).
 
 
 8
 Mr. Jacob also contests the district court's imposition of sanctions. We review a Rule 11 award of sanctions for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); Coffey v. Healthtrust, Inc., 955 F.2d 1388, 1393 (10th Cir.1992).
 
 
 9
 Rule 11 empowers the district courts to award sanctions against a party who files a pleading, motion or other paper that is not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed.R.Civ.P. 11(b)(2). Moreover, courts have inherent powers to dismiss or reject suits for nonpayment of costs or sanctions awarded in a prior action. Hymes v. United States, 993 F.2d 701, 702 (9th Cir.1993); see also Christensen v. Ward, 916 F.2d 1485 (10th Cir.), cert. denied, 498 U.S. 999 (1990).
 
 
 10
 As indicated, Mr. Jacob filed a previous suit in district court. At that time, the court clearly advised him that his arguments were frivolous, and it imposed sanctions which Jacob has not paid. R. Vol. I, Tab 4, Exs. A and B, Tab 17, Tab 21. Apparently undeterred, he now brings this new action and again argues from the same specifically noted and disapproved tax protester litany: He is his own sovereign; he is not subject to the laws of the United States; the United States is a foreign state without power to assess penalties and interest or to impose liens against his property. We have consistently rejected such arguments as lacking in legal merit and patently frivolous. See, e.g., Lonsdale, 919 F.2d at 1448. The district court did not abuse its discretion either in awarding monetary sanctions or in enjoining Jacob from filing any further complaints until he pays all outstanding sanctions that the district court has imposed.
 
 
 11
 Finally, the government seeks sanctions against Jacob for bringing a frivolous appeal.[4] In its brief, the government has requested an award in the sum of $2,500.00 in lieu of costs and attorneys' fees. We have already noted Mr. Jacob's frivolous arguments. His appeal raises no real assignment of error, but merely reasserts the same clearly inapplicable jurisdictional grounds he argued below. Thus, Jacob decries the district court's refusal to hear his case, and he rehashes the patently frivolous tax protester rhetoric. We have previously imposed sanctions for such appeals, which we have found to be frivolous. See, e.g., United States v. Gosnell, 961 F.2d 1518, 1521 (10th Cir.1992); Lonsdale, 919 F.2d at 1448; Christensen, 916 F.2d at 1485.
 
 
 12
 However, this is the first time Mr. Jacob has appealed. Moreover, he appeals not only the district court's substantive decision, but also its imposition of sanctions. Therefore, we decline to impose sanctions in the amount requested by the government. Instead, we think a sanction for just damages in the amount of $500.00 is appropriate for Mr. Jacob's frivolous appeal of his "tax protester" claims.
 
 
 13
 Mr. Jacob has not had an opportunity to respond to the sanction we propose. Additionally, the proposed amendment to Fed. R.App. P. 38 provides for specific notice and a reasonable opportunity to respond in all events.[5]
 
 
 14
 Therefore, we hereby order Jacob to show cause why the above sanction should not be imposed. Mr. Jacob's response will be limited to five pages and must be received by the clerk of this court within fifteen (15) days from the filing of this Order and Judgment. Failure to respond shall result in automatic imposition of the proposed sanction.
 
 
 15
 For the reasons stated, the judgment of the district court is AFFIRMED, and Mr. Jacobs is ORDERED TO SHOW cause why the proposed sanction should not be imposed.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 See Jacob v. Commissioner, No. 19460-90 (T.C. July 1, 1992) and Jacob v. Illanes, No. 93-916 JB, 1993 WL 625575 (D.N.M. Dec.10, 1993) at R. Vol. I, Tab 4, Exs. A, B, and C
 
 
 [3]
 See 26 U.S.C. 6212(a) & (c); 6213(a); 6672(b); 6694(c); 7426(a) & (b)(1); and 7429(b) (providing for actions related to redeterminations, stays, levies, and refunds in specified circumstances). Additionally, a judicial exception applies "if the taxpayer demonstrates that: 1) under no circumstances could the government establish its claim to the asserted tax; and 2) irreparable injury would otherwise occur.' " Lonsdale v. United States, 919 F.2d 1440, 1442 (10th Cir.1990) (quoting Souther v. Mihlbachler, 701 F.2d 131, 132 (10th Cir.1983) (citations omitted)
 
 
 [4]
 28 U.S.C.1912 and Fed. R.App. P. 38 authorize the imposition of sanctions in such cases
 
 
 [5]
 Effective Dec. 1, 1994, Fed. R.App. P. 38 shall be amended to provide:
 If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.
 Amends. to the Fed. R.App. P., Communication from the Chief Justice, The Supreme Court of the United States, H.R. Doc. No. 247, 103d Cong., 2d Sess. 69-70 (1994).