46 F.3d 1147
 75 A.F.T.R.2d 95-590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Petitioner-Appellee,
v.
Cheryl L. MASON, Respondent-Appellant.
UNITED STATES of America, Petitioner-Appellee,
v.
Michael W. MASON, aka Rex Michael Mason; Michael (NMI)
Mason; Michael Mason, Respondent-Appellant.
 Nos. 94-55159, 94-55160.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 10, 1995.
 
 Before: SNEED, D.W. NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cheryl L. and Michael W. Mason appeal pro se the district court's orders enforcing the Internal Revenue Service's ("IRS") summonses requesting the production of documents relevant to the Masons' federal income tax liability for several tax years.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * 94-55159
 
 A. Summons
 
 4
 Cheryl L. Mason contends that the district court erred by enforcing the IRS's summons because she is a white citizen of the state of California and not a "citizen" of the United States subject to federal income taxes. This contention lacks merit.
 
 
 5
 We review for clear error the district court's order enforcing an IRS summons. United States v. Derr, 968 F.2d 943, 945 (9th Cir.1992). To the extent that the district court's order is predicated on issues of statutory construction, we review de novo. United States v. Saunders, 951 F.2d 1065, 1066 (9th Cir.1991).
 
 
 6
 Under 26 U.S.C. Sec. 7602(a), the IRS may issue a summons for production of information relevant to "determining the liability of any person for any internal revenue tax." In order to establish a prima facie case for enforcement of a summons, the government must show that (1) the summons was for a legitimate purpose, (2) the material being sought was relevant to the investigation, (3) the information was not already in the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code had been followed. See United States v. Powell, 379 U.S. 48, 57-58 (1964); Saunders, 951 F.2d at 1067. The burden on the government is "minimal." See United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir.1990). A declaration or affidavit by the revenue officer who issued the summons which states that these requirements were satisfied is sufficient to establish the prima facie case. See id. Once the government has established its prima facie case, the burden shifts to the taxpayer to show that the summons was issued for an improper purpose or was otherwise deficient. See id.
 
 
 7
 Here, the IRS issued a summons requesting Mason to produce information and records necessary to prepare federal income tax returns for the years 1984 and 1988 through 1992. When Mason failed to comply with the summons, the IRS filed a petition seeking an order to enforce the summons. The petition, which was supported by the declaration of Revenue Officer Joseph Talon, satisfied the government's "minimal" burden of establishing a prima facie case under Powell. See Abrahams, 905 F.2d at 1280.
 
 
 8
 We reject as frivolous Mason's arguments that she is a white citizen of the state of California and not a citizen of the United States subject to federal income taxes. See In re Becraft, 885 F.2d 547, 548 (9th Cir.1989). Accordingly, the district court did not err by enforcing the IRS's summons. See Abrahams, 905 F.2d at 1280.
 
 B. Sanctions
 
 9
 The United States requests sanctions against Mason for filing a frivolous appeal pursuant to 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38.[2]
 
 
 10
 The award of sanctions for the abuse of the judicial process is a matter within the sound discretion of this Court. Grimes, 806 F.2d at 1454. Fed.R.App.P. 38 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." An appeal is frivolous "when the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). This court has imposed monetary sanctions on appellants in the form of a flat fee of $1,500.00 in lieu of damages and attorneys' fees for filing frivolous appeals. See Grimes, 806 F.2d at 1454; Cook v. Spillman, 806 F.2d 948, 949 (9th Cir.1986). We find Mason's arguments to be wholly without merit and we impose $1,500.00 in sanctions upon her for filing a frivolous appeal. See Grimes, 806 F.2d at 1454; Cook, 806 F.2d at 949.
 
 II
 94-55160
 
 11
 The IRS also issued a summons requesting Michael W. Mason to produce information and records necessary to prepare federal income tax returns. When Mason failed to comply with the summons, the IRS filed a petition seeking an order to enforce the summons. The district court issued an order to enforce the summons. Mr. Mason appeals the district court's order.
 
 
 12
 Courts have the inherent power to dismiss actions for nonpayment of costs in prior actions, including a litigant's failure to pay previously imposed sanctions. See Hymes v. United States, 993 F.2d 701, 702 (9th Cir.1993). Mason has not paid the sanctions which we previously imposed upon him for filing a frivolous appeal. Therefore, we dismiss Mason's appeal because we will not "entertain appeals from a litigant who refuses to comply with a previous order of this court." Id. at 701.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the Masons' requests for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to our order dated March 14, 1994, the Masons' appeals have been consolidated
 
 
 [2]
 Because we do not reach the merits of Mr. Mason's appeal, we decline to impose sanctions upon him for filing a frivolous appeal. See Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986)