65 F.3d 178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jay L. DEPEW, Petitioner-Appellant,
v.
COMMISSIONER of Internal Revenue, Respondent-Appellee.
 No. 95-9001.
(T.C. No. 9470-94)
 United States Court of Appeals, Tenth Circuit.
 Aug. 28, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Jay L. Depew asked the tax court for a redetermination of tax deficiencies and additions to tax levied on him by the Commissioner of Internal Revenue for the taxable years 1991 and 1992. The tax court first responded to petitioner's request by directing him to "file a proper petition stating specific allegations of error in the notice of deficiency and a separate statement of facts." After petitioner filed his amended petition, respondent moved to dismiss the petition for failure to state a claim upon which relief could be granted. The tax court granted respondent's motion, noting that the petition contained "nothing but a hodgepodge of tax protestor rhetoric, irrelevant platitudes, unsupported assertions and legalistic gibberish." In addition to dismissing the petition, the tax court found that petitioner's position was frivolous and groundless, and that he had instituted the petition primarily for purposes of delay. Consequently, the tax court imposed a penalty of $1,000 upon petitioner, pursuant to 26 U.S.C. 6673(a)(1). Petitioner now appeals to this court.
 
 
 3
 Petitioner has a history of disputing his federal income tax obligations, including a previous appeal to this court of an unfavorable tax court decision. See Depew v. Commissioner of Internal Revenue, No 93-9007 (10th Cir. Feb. 24, 1994). In this prior appeal, we affirmed the decision of the tax court. Moreover, we found petitioner's appeal frivolous and imposed sanctions in the amount of $1,500. Petitioner has never paid these sanctions.
 
 
 4
 "Courts have inherent power to dismiss actions for nonpayment of costs in prior actions. This power also extends to a litigant's failure to pay previously imposed sanctions." Hynes v. United States, 993 F.2d 701, 702 (9th Cir.1993) (citation omitted). Because petitioner has refused to comply with a previous order of this court, we refuse to entertain the instant appeal.
 
 
 5
 We therefore DISMISS this appeal. Furthermore, we direct the clerk of this court to refuse to accept further filings from petitioner without prior leave of this court. See Christensen v. Ward, 916 F.2d 1462, 1469 (10th Cir.), cert. denied, 498 U.S. 999 (1990). We DENY in forma pauperis status. Finally, because we have dismissed the appeal and do not reach the merits of the question of whether petitioner's appeal is frivolous, we DENY respondent's motion for the imposition of additional sanctions.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470