122 F.3d 1069
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Ben ALLUSTIARTE & Linda ALLUSTIARTE, Debtors
Ben W. ALLUSTIARTE; Linda M. ALLUSTIARTE; Gregory R.
ALLUSTIARTE; Debtors-Appellants
v.
W. AUSTIN COOPER, Trustee-Appellee
In re: Ben ALLUSTIARTE & Linda ALLUSTIARTE, Debtors
Ben W. ALLUSTIARTE; Linda M. ALLUSTIARTE; Gregory R.
ALLUSTIARTE; Debtors-Appellants
v.
W. AUSTIN COOPER; OFFICE OF THE U.S. TRUSTEE, Trustees-Appellees.
 Nos. 96-15822, 79-3764-A-XII, 96-16332, 79-3763-A-XII.
 United States Court of Appeals, Ninth Circuit.
 Aug. 19, 1997.
 
 1
 Appeal from the United States District Court for the Eastern District of California Edward J. Garcia, District Judge, Presiding Argued and Submitted July 15, 1997 San Francisco, California
 
 
 2
 Before: CHOY and HALL, Circuit Judges, and SHADUR, District Judge**
 
 
 3
 MEMORANDUM*
 
 
 4
 Debtors Ben and Linda Allustiarte (collectively "Allustiartes"[1]) have filed these two appeals, the most recent in the barrage that they have lodged both in the District Court and in this court during the pendency of this long-running bankruptcy proceeding:
 
 
 5
 1. In our No. 96-15822, Allustiartes appeal from the April 11, 1996 confirmation by the District Court for the Eastern District of California (Garcia, J.) of the First Amended Plan of Arrangement ("Plan") that had been filed by then Trustee in Bankruptcy W. Austin Cooper ("Cooper") on January 9, 1994 and that had been confirmed on the same date by Bankruptcy Judge Loren Dahl.
 
 
 6
 2. In our No. 96-16332, Allustiartes appeal from the District Court's April 11, 1996 affirmance of an order entered on September 23, 1993 by Bankruptcy Judge Dahl requiring Allustiartes (1) to pay $120 monthly to then Trustee Cooper in lieu of rent for the bankruptcy estate's interest in the residence occupied by Allustiartes at 1021 Stanford Avenue, Modesto, California and (2) to make all necessary repairs to the Modesto residence to bring it to marketable condition, including immediate replacement of the roof and any other repairs necessary to maintain the residence's structural integrity.
 
 
 7
 We consolidated the two appeals for oral argument, limiting counsel to addressing the motions to dismiss and for sanctions that had been submitted by appellee Cooper (now acting in his capacity as Liquidating Trustee). We grant both of Cooper's motions.
 
 Background
 
 8
 Because our disposition of Allustiartes' appeals obviates the need for any detailed substantive discussion of the merits (or more accurately the lack of merit) in Allustiartes' substantive arguments as to the two appeals, we will eschew all but a skeletal description of those matters. But because Cooper's two motions do require a look at the prior history of these proceedings, we turn instead to a somewhat less skeletal review in that respect.
 
 
 9
 Allustiartes' bankruptcy proceeding dates back to a petition filed on August 15, 1979, antedating by some 45 days the October 1, 1979 effective date of the Bankruptcy Code. Hence the entire bankruptcy proceedings and these appeals remain subject to the old Bankruptcy Act ("Act"), and all citations here will be to that earlier and now-repealed Act (rather than to the currently effective Bankruptcy Code), and correspondingly to the former provisions of Title 11 of the United States Code.
 
 
 10
 Back in 1979 Allustiartes' petition sought to invoke Chapter XII of the Act, relating to real property arrangements by individuals. Under Act § 445 (former 11 U.S.C. § 845) an appointed Trustee (such as Cooper was) "shall have the power ... to operate the business and manage the property of the debtor." As with the successor Bankruptcy Code's Chapter 11, the powers granted to the trustee for that purpose were sweeping.
 
 
 11
 Although Allustiartes claim that they qualify for "farmer" status, which would bring into play some special provisions of former Chapter XII, they were never found to be entitled to that status either by the Bankruptcy Court or by the District Court. Importantly for purposes of No. 96-15822, Allustiartes never complied with the provision of Act § 423 (former 11 U.S.C. § 823) that required a Chapter XII debtor to include a proposed arrangement in the original petition that the debtor filed--not only did Allustiartes omit any such proposal at the outset, but they also never tendered any plan of arrangement during the entire 16- 1/2 year period that their bankruptcy proceeding continued in existence from the date of original filing up to the date of the orders now on appeal.
 
 
 12
 In the interim the tangled web that Allustiartes had woven was all too slowly unsnarled, in part by the Bankruptcy Court's approval of the use of the trustee's broad powers (which were deliberately designed to take the place of permitting a debtor to remain in possession for purposes of operating the debtor's business and managing the debtor's property) to cause the divestiture of all of the estate's real estate interests (which was the only predicate for Allustiartes' invocation of Chapter XII in the first place) other than Allustiartes' Modesto residence. Though we need not pause to parse the details of the extensive earlier proceedings, suffice it to say that Cooper's motion in No. 96-15822 lists more than 60 appeals taken by Allustiartes to the District Court and some 30 appeals taken by Allustiartes to this court before they filed the two appeals that are now on our plate.
 
 
 13
 Only one of those earlier appeals will be mentioned here specifically, both because it exemplifies Allustiartes' course of obstructionist conduct to which the Bankruptcy Judge referred later, in the January 19, 1994 hearing in which he confirmed the Plan proposed by then Trustee Cooper (now the subject of appeal in No. 96-15822), and because it provides the gravamen for our dismissal of the current appeals. In this court's unpublished August 3, 1995 memorandum that dealt with our No. 94-15739, the panel found Allustiartes' appeal in that case to be frivolous and ordered that they pay double costs plus a modest $500 in partial attorneys' fees to Cooper. Yet in the nearly two years that ensued between the entry of that order and the time that these present appeals were argued, Allustiartes made no move toward compliance--and when asked about it during oral argument, their lawyer was unable to provide any explanation for that flouting of judicial authority by Allustiartes.[2]
 
 Disposition of These Appeals
 
 14
 This is unfortunately not the first time that our court has had to deal with intransigents such as Allustiartes. In addressing a substantially less egregious situation than that presented here,[3] Hymes v. United States, 993 F.2d 701, 701 (9th Cir.1993) began by saying:
 
 
 15
 We make clear today that we will not entertain appeals from a litigant who refuses to comply with a previous order of this court. Because Hymes has not paid $1,000 in sanctions, which we imposed in 1990, we dismiss his appeal.
 
 
 16
 And Hymes, id. at 702 went on to say, in language that could well have been written for this case:
 
 
 17
 Courts have inherent power to dismiss actions for nonpayment of costs in prior actions. Hacopian v. United States Dep't of Labor, 709 F.2d 1295, 1297 (9th Cir.1983). This power also extends to a litigant's failure to pay previously imposed sanctions. See Schiff v. Simon & Schuster. Inc., 766 F.2d 61, 62 (2d Cir.1985) (per curiam) ("To make the sanction effective terms of their noncompliance with an unequivocal order from this court, Allustiartes never sought any relief from their adjudicated obligation, either on the now-suggested ground or on any other basis--like any other scofflaw, they simply ignored the obligation. and thereby protect the processes of a court from abuse, a litigant against whom Rule 38 sanctions have been imposed must comply with those sanctions before being permitted to pursue new matters in that court.").
 
 
 18
 We dismiss this appeal. We also direct the clerk of this Court not to accept from Hymes any further petitions, notices or other papers for filing without prior leave of this court. Cf. Schiff v. United States, 919 F.2d 830, 835 (2d Cir.1990) (per curiam) cert. denied, 501 U.S. 1238, 111 S.Ct. 2871, 115 L.Ed.2d 1037 (1991); Zerman v. Jacobs, 814 F.2d 107, 109 (2d cir.1987) (per curiam); Stelly v. Commissioner, 804 F.2d 868, 872 (5th Cir.1986) (per curiam)
 
 
 19
 We too (as in Hymes ) DISMISS these appeals. We also find the appeal in No. 96-16332 to be frivolous: There the order involved nothing more than requiring Allustiartes to cure the deterioration of the residence that they had occupied rent-free throughout the extended term of this bankruptcy case (during which time the bankruptcy trustees made the mortgage payments, insurance payments and tax payments and bore a number of the significant repair expenses, though the residence was property of the bankruptcy estates subject only to Allustiartes' homestead exemption (Act § 70.a, former 11 U.S.C. § 110.a).[4] Accordingly we award $3,000 in just damages, plus costs, to appellee Cooper in accordance with Fed. R.App. P. 38 (see Munson v. Antisdel (In re Munson Geothermal. Inc.), 982 F.2d 360 (9th Cir.1992), awarding costs plus attorneys' fees in the amount of $3,000 in a less egregious--though also frivolous--bankruptcy appeal).
 
 
 20
 Finally, we draw another leaf from the Hymes book in terms of future actions by Allustiartes. In this instance, their abuse of the litigative process has taken place both in the District Court and here. Accordingly we direct the clerks of both the District Court and this court not to accept for filing by Allustiartesn any further petitions, notices or other papers relating to any appeal from the Bankruptcy Court without prior leave of the District Court or this court, as the case may be.
 
 
 21
 DISMISSED.
 
 
 
 **
 The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although Gregory Allustiarte is also listed as an appellant in the dockets of the two cases, only the debtors are really the parties in interest to each appeal
 
 
 [2]
 There has been a suggestion in the course of Allustiartes' briefing that they have some equity in the estate assets, so that they should be excused from now paying an amount that will assertedly be generated in the future by the implementation of the Plan. But Cooper says that no such equity exists for Allustiartes over and above the amount that will have to be paid to their creditors, a factual dispute that we cannot of course resolve on the present record. More to the point in
 
 
 [3]
 In the cited case the litigant had asserted only one claim and had presented only one appeal after the original appeal had been determined to be frivolous. That contrasts sharply with Allustiartes' persistent unsuccessful appeals at every step of the way for nearly two decades, turning these proceedings into a modern day Jarndyce v. Jarndyce (Charles Dickens, Bleak House )
 
 
 [4]
 Although our examination of the merits in No. 96-15822 leads us to conclude that Allustiartes' appeal there is also substantively unsound, it did pose an issue that so far as we can determine had not heretofore gone before any appellate court: the right of a trustee in a Chapter XII proceeding to propose a plan where the debtors have not done so for such a protracted period. We therefore do not treat that appeal as frivolous and hence as independently sanctionable (beyond its dismissal)