Edward F. **MERRIGAN** and Denise L. Merrigan, Plaintiffs,

*v.*

**AFFILIATED BANKSHARES OF COLORADO, INC.,** Affiliated First National Bank of Lafayette, Joseph Distel, Gordon Wagner, William Burns, Alvin Tomlinson, William Ahlstrand, Andrew Rosen, Martin Berkley, I.H. Kaiser, Larry Berg, Thomas R. Bergh, Lee Hawke, H. Kenneth Johnston II, William A. Parsons, and Ann Meredyth, Defendants.

Civ. A. No. 91–B–371.

United States District Court, D. Colorado.

Oct. 4, 1991.

Edward F. Merrigan, Denise L. Merrigan, Longmont, Colo., pro se.

Thomas R. Bergh, Boulder, Colo., pro se.

William A. Ahlstrand, Boulder, Colo., pro se.

Lee Allen Hawke, Trinidad, Colo., pro se.

I.H. Kaiser, Denver, Colo., pro se.

Andrew Rosen, Boulder, Colo., pro se.

Martin J. Berkley, Denver, Colo., pro se.

H. Kenneth Johnston II, Broomfield, Colo., pro se.

## ORDER

BABCOCK, District Judge.

Plaintiffs object to the Magistrate Judge's recommendations of September 9, 1991 and September 24, 1991 dismissing this action and awarding F.R.C.P. 11 sanctions. Plaintiffs also object to the Magistrate Judge's order of September 9, 1991 awarding attorney fees because plaintiffs did not appear at the pre-trial conference. Having reviewed the record and plaintiffs' objections *de novo*, I adopt the Magistrate Judge's recommendations as my order, and incorporate them herein by this reference.

Accordingly, IT IS ORDERED THAT:

(1) Defendant Affiliated Bank Shares of Colorado, Inc., Affiliated First National Bank of Lafayette, William Ahlstrand, Andrew Rosen, Thomas Bergh, H. Kenneth Johnston II, Martin Berkley, Lee Allen Hawke and I.H. Kaiser's motions to dismiss are GRANTED;

(2) Defendant H. Kenneth Johnston II's motion for summary judgment is GRANTED;

(3) Plaintiffs' motion for summary judgment is DENIED;

(4) Plaintiffs' motion to amend their complaint is DENIED;

(5) Final judgment shall enter, with costs, in favor of all defendants who were served in this case and against plaintiffs;

(6) Pursuant to Rule 11, plaintiffs shall pay $100.00 to each defendant who was served in this case. Judgment shall enter accordingly;

(7) Pursuant to Rule 11, plaintiffs are enjoined from filing another federal civil lawsuit against any of the named defendants, regardless of whether they were served in this case, based upon any of the legal or factual claims alleged in this action or any of the prior Boulder District Court lawsuits. If plaintiffs file another lawsuit, the complaint shall be promptly reviewed

by a United States Magistrate Judge to ensure compliance with this injunction;

(8) Judgment shall enter against plaintiffs for attorney fees pursuant to the Magistrate Judge's order of September 9, 1991;

(9) This action is DISMISSED without prejudice as to the unserved defendants, Joseph Distel, Gordon Wagner, William Burns, Larry Berg, William A. Parsons, and Ann Meredyth.

DONALD E. ABRAM, Chief United States Magistrate Judge.

Edward F. Merrigan and Denise L. Merrigan, pro se, filed a complaint against the named defendants alleging a violation of their civil rights under 28 U.S.C. § 1343 and 42 U.S.C. § 1985. The plaintiffs claim that Affiliated Bankshares, Inc. and First National Bank of Lafayette, by making the Merrigan's attorneys agents of the banks, conspired with the banks and the banks' attorneys to cause outrageously fraudulent trials in the Boulder District Court by obstructing justice, suppressing evidence, denying "equal protection of the law". Service has not been obtained on the following defendants: Joseph Distel, Gordon Wagner, William Burns, Larry Berg, William A. Parsons and Ann Meredyth. All of the defendants served with summons have filed Motions to Dismiss. H. Kenneth Johnston, II has also moved to have the Motion to Dismiss treated as a Motion for Summary Judgment. In response, the Merrigans have filed a Motion for Summary Judgment.

Pursuant to Rule 603 of the Local Rules of Practice of the United States District Court for the District of Colorado, this matter was referred to Chief U.S. Magistrate Judge Donald E. Abram. A motion hearing was held on September 6, 1991. The Merrigans produced no evidence and stand on the pleadings filed with the Court. They stated on record that the allegations in the complaint are based upon the various Boulder District Court civil cases. The Magistrate Judge enters the following findings and recommendation.

## FACTS

Certain facts are not in dispute. The Merrigan's after being turned down for both real property and personal loans in 1978 filed a civil suit, Boulder District Court Case 80 CV 0192–5 against the First National Bank of Lafayette nka Affiliated First National Bank of Lafayette, William Burns and Gordon Waggoner. Burns and Waggoner were officers of the bank. Martin Berkley, Ike Kaiser, Larry Berg and Thomas Bergh were attorneys retained by the Merrigans. Berkley, Kaiser and Berg all withdrew as counsel in that order with Bergh being the attorney at the time of trial. William Ahlstrand and Andrew Rosen were attorneys for the bank and officer defendants. Joseph Distel was Chairman of the Board of the bank. Alvin Tomlinson was an officer of Affiliated First Bank of Boulder. A jury found in favor of the Merrigans in 1984 but a Judgment NOV was granted for the defendants. The Merrigans failed to timely file the notice of appeal and the Colorado Court of Appeals, Case 84CA1423, dismissed the appeal on January 18, 1985.

Benchmarks Builders, Inc. filed a civil suit, Boulder District Court Case 82 CV 1036–5 on a promissory note against Roaring Bull Inc. and Denise L. Merrigan. William Parsons was the president of Benchmarks Builders. H. Kenneth Johnston, II was the attorney for Benchmark. Ann Meredyth was retained to represent Merrigan and the corporation. She withdrew as counsel. A default judgment was entered against the defendants on December 15, 1982. The defendants made payments on the judgment and also had garnishments. The Merrigans brought civil suit, Boulder District Court Case 85 CV 1398–3, against H. Kenneth Johnston, II, Linda Johnston and William Parsons for damages in bringing civil action 82 CV 1062. The case was dismissed on summary judgment on December 12, 1985.

The Merrigans retained Lee Hawke in 1985. He entered an appearance in Cases 80 CV 0192 and 85 CV 1398. He filed a new case in the Boulder District Court, Case 86 CV 968–3 against Kenneth John-

ston and William Parsons. The Merrigans attempted to have the judgment in 82 CV 1036 vacated on equitable grounds. The Merrigans failed to appear at trial and the complaint was dismissed on November 25, 1987. Hawke brought Boulder District Court Case 88 CV 477–5 against Johnston and Parsons. On June 1, 1988 the case was dismissed on the basis of res judicata. Lee Hawke also brought a Motion to set aside the judgment in case 82 CV 1062 which was denied.

Thomas Bergh brought in the Boulder District Court, Case 86 CV 1554–7, against Edward and Denise Merrigan for attorneys which had not been paid by the Merrigans. Judgment was entered for Bergh on August 28, 1988 for $2,500 and attorneys fees when the Merrigans failed to appear at the jury trial.

## JURISDICTION

■ Merrigans claim that there is jurisdiction pursuant to 28 U.S.C. § 1334. In the complaint the Merrigans allege that all but the defendants Berg and Meredyth are residents of the state of Colorado. No service has been obtained on the two out of state defendants. All of the named defendants must be non-residents in order to establish diversity jurisdiction. *Knoll v. Knoll*, 350 F.2d 407 (10th Cir.1965), *cert. denied* 383 U.S. 909, 86 S.Ct. 891, 15 L.Ed.2d 664 (1966).

The Merrigans are caucasian as are all of the named defendants. The Merrigans claim a conspiracy to violate their own personal constitutional rights of equal protection pursuant to 42 U.S.C. § 1985. They do not allege nor have they produced any evidence that the claim is class-based.

The United States Supreme Court and all Courts of Appeal have held that there must be a racial or class-based invidious discriminatory animus to state a claim pursuant to part two of § 1985(2). In *Kush v. Rutledge*, 460 U.S. 719, 725, 103 S.Ct. 1483, 1487, 75 L.Ed.2d 413 (1983), the Court interpreted the first clause of § 1985(2). It distinguished the terminology in the first clause which applies to federal courts and the second clause which applies to the state

courts. It held, "The remaining two categories [§ 1985(2) part two and § 1985(3)] encompass underlying activity that is not linked to federal interests and that is usually of primary state concern. The second part of § 1985(2) applies to conspiracies to obstruct the course of justice in state courts.... Each of their portions of the statute contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." The court in *Griffin v. Brenkenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971) interpreted the last phrase to require a showing of racial or class-based invidious discrimination behind the conspiracy. Federal circuits addressing the issue have unanimously held that race or class-based invidious discrimination in bringing a part two § 1985(2) claim. *Daigle v. Gulf State Utilities Co.*, 794 F.2d 974, 979 (5th Cir. 1986); *Harrison v. Springdale Water & Sewer Com'n*, 780 F.2d 1422, 1429 (8th Cir.1986) (citing cases from the 1st, 2nd, 3rd, 5th, 7th, 8th & 9th Circuits); *Phelps v. Wichita–Eagle Beacon*, 886 F.2d 1262, 1269 (10th Cir.1989); *Smith v. Yellow Freight System Inc.*, 536 F.2d 1320, 1322–23 (10th Cir.1976).

■ The claim of conspiracy by the Merrigans based upon § 1985(2) part two must be dismissed as failing to state a claim. Since this is the only basis of the United States District Court jurisdiction, the complaint must be dismissed as to all defendants.

## STATUTE OF LIMITATIONS

■ Although the complaint fails to state a federal claim, the defendants have also raised the issue of the statute of limitations. The applicable statute of limitations prior to July 1, 1987 was three years. *Wilson v. Garcia*, 471 U.S. 261, 276–79, 105 S.Ct. 1938, 1947–49, 85 L.Ed.2d 254 (1984) established a three year statute of limitations for civil rights cases in Colorado. The three year statute applies to § 1985 claims as well as § 1983. *Jones v. Coughlin, III*, 665 F.Supp. 1040, 1043 (S.D.N.Y.1987). The Colorado legislature

changed the statute of limitations effective July 1, 1987 to a two year limitations con claims based upon a federal statute that did not have a statute of limitations. Colo. Rev.Stat. § 13–80–102(1)(g). It has been held that the applicable statute of limitations is two years under the new statute. *Arvia v. Black*, 722 F.Supp. 644, 646–47 (D.Colo.1989) (Carrigan, D.J.).

▮ Where there is an alleged conspiracy, the statute of limitations runs from each act of conspiracy. *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir.1988). Because the Merrigans have alleged conspiracies at different times based upon different law suits in the Boulder District Court, the limitation period will be addressed by each individual civil suit.

1. 80 CV 0192. The complaint was filed on February 1, 1980. Judgment was entered against the Merrigans in 1984 and it was final with the dismissal of the appeal on January 18, 1985. The plaintiffs claim that the following defendants entered into a conspiracy against them in allegations 1 through 21: Affiliated Bank Shares of Colorado, Inc., Affiliated First National Bank of Lafayette, Alvin Tomlinson, William A. Ahlstand, Andrew Rosen, Thomas R. Bergh, Martin Berkley, and I.H. Kaiser. The last date for filing a complaint for any conspiracy in 80 CV 0192 was January 18, 1988. The statute of limitations has run as to each defendant involved in that case.

2. 82 CV 1036 and 85 CV 1398. The complaint was filed in 1982 and a default judgment entered on December 15, 1982 in case 1036. The Merrigans attempt to set aside the judgment on equitable grounds in case 1398 was dismissed by summary judgment on December 12, 1985. Merrigans. The plaintiffs claim that the following defendants entered into a conspiracy against them in allegations 22, 23, 26 & 27: Both banks, Johnston, Parsons, Meredyth, and Hawke. The statute of limitations ran as to each defendant on December 12, 1988.

3. 86 CV 968. Hawke filed a new complaint to set aside the judgment in case 1036 on equitable grounds. The Merrigans failed to appear at trial and judgment was entered against them on November 25, 1987. The plaintiffs claim that the following defendants entered into a conspiracy in allegation 27: both banks, officers (not named), Johnston and Hawke. The statute of limitations ran on November 25, 1989.

4. 88 CV 477. Hawke filed another complaint raising the same issues dismissed in case 968. On June 1, 1988 the case was dismissed on the basis of res judicata. Additional attorneys fees were granted to the defendants. The plaintiffs claim that the following defendants entered into a conspiracy in allegation 27: both banks, officers (not named), Johnston and Hawke. The statute of limitations ran as to each defendant on June 1, 1990.

5. 86 CV 1554. Thomas Bergh filed a civil complaint for unpaid attorney fees from his representation of the Merrigans in case 80 CV 1036. The Merrigans failed to appear at trial and judgment was entered on August 28, 1988. The plaintiffs claim that the following defendants entered into a conspiracy in allegation 26: Hawke, Parsons, and Johnston. The statute of limitations ran as to each defendant on August 28, 1990.

The statute of limitations has run as to all defendants and the Motions to Dismiss should be granted.

## CONCLUSORY STATEMENTS

▮ All of the allegations set forth in the complaint are conclusory. The allegations do not set forth any facts as to any specific acts of conspiracy. All of the defendants have denied any conspiracy and the Merrigans have not provided to the court any evidence establishing a conspiracy. The Merrigans have taken no discovery during the case. The law is well established that conclusory allegations do not set forth constitutional claims. *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986); *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir.1983).

## RULE 11

▮ Rule 11 Fed.R.Civ.P. sanctions serve several purposes including: (1) deterring future litigation abuse, (2) punishing

present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining the court docket and management of the case. *White v. General Motors Corp.*, 908 F.2d 675, 683 (10th Cir.1990). A pro se litigant is subject to sanctions. *Colorado ex rel. Colorado Judicial Department v. Fleming*, 726 F.Supp. 1216, 1219–21 (D.Colo.1989) (Finesilver, C.J.); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir.1989).

The Merrigans commenced their first law suit in 1980. Judgment was entered against them and they failed to appeal the judgment. In 1982, a suit was filed against them for legal fees incurred in the first case. The Merrigans failed to appear at trial and judgment was entered on August 28, 1988. The Merrigans in three subsequent civil complaints attempted to set aside the judgment and attempted to recover damages against Parsons and Johnston. They failed to appear at trial in case 86 CV 968. The Merrigans never filed any appeals but simply brought additional law suits. Judge Bartin in June 3, 1988 in cases 82 CV 1036 and 88 CV 477 found "This matter came on for hearing on attorneys fees. As a part of the hearing, the Court dismissed 88 CV 477 as being a fourth effort on the part of the Defendants [Merrigans] to litigate the same issues in this case and in 85 CV 1398 and 86 CV 968." The court further stated, "However, continued efforts on the part of the Merrigans to litigate the same matter are frivolous and groundless". The court awarded additional attorneys fees for Johnston.

The Merrigans have now sought to litigate the same issues in the federal court. The case was first filed in the United States District Court for the District of Columbia because they felt it was impossible to get in any evidence in the "United States District Court in Boulder, Colorado". Venue was transferred to this court on the D.C. courts on motion.

This case is frivolous and without a basis in law or fact. The Merrigans continue to litigate issues previously dismissed in the state court. Sadly, the Merrigans emotionally have devoted their life to litigating against all of the persons or corporations

who may have been involved in the demise of their business adventures in late 1970s and early 1980s. They perceive law suits as being the means to punish the perceived offenders. Unfortunately, the suits have been counter-productive as they have incurred attorneys fees and had attorneys fees entered against them. Those injured by the frivolous suits have found no reprieve because the Merrigans cannot pay the judgments against them.

■ In *White v. General Motors Corp., supra p. 685*, the court found that attorneys fees were the normal method of deterring frivolous suits but set forth six considerations in rendering sanctions. They were: (1) ability to pay sanctions, (2) history of the offender, (3) experience and ability of the offender, (4) severity of the offense, (5) bad faith and (6) the chilling affect of the sanction. Assessment of attorneys fees has been unsuccessful in deterring the Merrigans. On the other hand, the defendants have been placed at great personal expense to defend again a frivolous law suit. Injunctive sanctions are appropriate where monetary sanctions are not effective. *Christensen v. Ward*, 916 F.2d 1485 (10th Cir.1990); *Tripoti v. Beamon*, 878 F.2d 351, 353 (10th Cir.1989).

■ It is recommended that the Court consider reasonable attorneys fees and that the Merrigans be enjoined from filing a civil action against the named defendants in the future based upon any of the legal or factual claims alleged in the Boulder District Court law suits and this law suit. That if any law suit is filed in this court against any of the named defendants, the complaint be reviewed by a United States Magistrate Judge to insure that the complaint does not violate the sanctions entered in this case.

### RECOMMENDATION

It is recommended that the Motions to Dismiss filed by the following defendants be granted and that judgment enter against the Merrigans for attorneys fees and costs:

Affiliated Bank Shares of Colorado, Inc.

Affiliated First National Bank of Lafayette

William A. Ahlstrand

Andrew Rosen

Thomas R. Bergh

H. Kenneth Johnston II

Martin L. Berkley

Lee Allen Hawke

I.H. Kaiser

It is further recommended that the Motion for Summary Judgment of H. Kenneth Johnston II be granted.

It is further recommended that the Motion for Summary Judgment of Edward F. Merrigan and Denise L. Merrigan be denied.

It is further ordered that the Motion to Amend the Complaint is denied.

It is further recommended that Rule 11 sanctions enter against Edward F. Merrigan and Denise L. Merrigan.

It is further recommended that the complaint be dismissed as to the unserved defendants, Joseph Distel, Gordon Wagner, William Burns, Larry Berg, William A. Parsons and Ann Meredyth pursuant to Rule 4(j) unless the plaintiffs can show good cause within 10 days of this recommendation why service of summons has not been obtained.

Done this 9th day of September, 1991.

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The plaintiffs have responded only as to Larry Berg, Ann Meredyth and William Parsons as to the Show Cause Order pursuant to Local Rule 201. The plaintiffs attempted service on defendants Ann Meredyth and Larry Berg in January, 1991. They have made no attempt to obtain service since that date.

IT IS RECOMMENDED that the complaint be dismissed without prejudice in accordance with Local Rule 201 and Rule 4(j) Fed.R.Civ.P. as to Joseph Distel, Gordon Wagner, William Burns, Larry Berg and Ann Meredyth.

DATED at Denver, Colorado this 24th day of September, 1991.