956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edward F. MERRIGAN and Denise L. Merrigan, Plaintiffs-Appellants,
v.
AFFILIATED BANKSHARES OF COLORADO, INC.; Affiliated First
National Bank of Lafayette; Joseph Distel, Chairman of the
Board; Gordon Wagner, Vice President; William Burns,
President; Alvin Tomlison, Vice President of Affiliated
First of Boulder; William Ahlstrand, Attorney; Andrew
Rosen, Attorney; Martin Berkley, Attorney; I.H. Kaiser,
Attorney; Larry Berg, Attorney; Thomas R. Bergh, Attorney;
Lee Hawke, Attorney; H. Kenneth Johnston, III, Attorney;
William A. Parson, Attorney; and Ann Meredith, Attorney,
Defendants-Appellees.
 No. 91-1367.
 United States Court of Appeals, Tenth Circuit.
 March 2, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs-appellants Edward and Denise Merrigan appeal from the district court's order that granted defendant H. Kenneth Johnston III's motion for summary judgment; granted motions to dismiss filed by served defendants Affiliated Bank Shares of Colorado, Inc., Affiliated First National Bank of Lafayette, Ahlstrand, Rosen, Bergh, Berkley, Hawke, and Kaiser; entered judgment, with costs and attorneys' fees, in favor of the served defendants and against plaintiffs; ordered plaintiffs to pay sanctions to each served defendant pursuant to Rule 11; enjoined plaintiffs pursuant to Rule 11 from filing another federal civil lawsuit against any of the named defendants based upon any of the legal or factual claims alleged in the action; and dismissed the action without prejudice as to unserved defendants Distel, Wagner, Burns, Berg, Parsons, and Meredith. The district court order, adopting recommendations of a United States Magistrate, granted the summary judgment motion and the motions to dismiss on grounds that plaintiffs lack federal court jurisdiction, that the statute of limitations has run on all of plaintiffs' claims as to all defendants, and that the allegations in plaintiffs' complaint are conclusory and fail to state a federal constitutional or statutory claim.
 
 
 3
 On appeal, plaintiffs contend that the Magistrate, and hence the district court, erred by denying their exhibits and evidence, by denying their right to discovery, by denying sanctions against defendants Tom Bergh and William Ahlstrand, and by awarding attorneys' fees and travel expenses to defendants after plaintiffs failed to attend a scheduled pre-trial conference.
 
 
 4
 Although not specifically mentioned by plaintiffs in their brief on appeal, we first address the district court's holding that it lacked jurisdiction to entertain plaintiffs' claims. We review de novo the district court's determinations regarding jurisdiction. See Trustees of the Colo. Pipe Indus. Pension Trust v. Howard Elec. & Mechanical, Inc., 909 F.2d 1379, 1382 (10th Cir.1990), cert. denied, 111 S.Ct. 958 (1991). Because plaintiffs proceed pro se, we liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989).
 
 
 5
 The district court correctly concluded that because both plaintiffs and most of the named defendants are residents of Colorado, there is no diversity jurisdiction under 28 U.S.C. § 1334. The district court also concluded that plaintiffs' complaint fails to state a claim of conspiracy under 42 U.S.C. § 1985 because it does not allege a racial or class-based invidious discriminatory animus against plaintiffs. We agree. All circuits addressing the issue have concluded that allegations of class-based animus are required to support a claim of conspiracy to obstruct the administration of justice in state courts. See, e.g., Harrison v. Springdale Water & Sewer Comm'n, 780 F.2d 1422, 1430 (8th Cir.1986). Although plaintiffs' complaint baldly asserts numerous conspiracies among defendants, it does not assert any class-based animus by defendants. Therefore, the complaint fails to state a claim under § 1985(2).
 
 
 6
 In addition, construed liberally, plaintiffs' appellate brief contends that defendants violated plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment. However, after reviewing plaintiffs' complaint, we conclude that the complaint does not allege specific facts supporting a claim of discriminatory behavior. Instead, the complaint conclusorily alleges that the outcomes reached in various state court proceedings must have been the result of conspiracies and briberies among defendants. Because the complaint does not set forth facts to support plaintiffs' claims, we conclude that the complaint fails to state an equal protection claim. Further, because the complaint fails to state a federal claim, the district court lacked jurisdiction to entertain plaintiffs' state law claims.
 
 
 7
 Having concluded that the district court lacked both diversity jurisdiction and federal question jurisdiction to address the claims alleged in plaintiffs' complaint, we need not address plaintiffs' contentions on appeal that the district court wrongly denied plaintiffs' exhibits and evidence and denied plaintiffs' right to discovery. However, we briefly address plaintiffs' contentions regarding the court's failure to sanction two defendants and the court's decision to award defendants costs and attorneys' fees after plaintiffs failed to attend a pre-trial conference.
 
 
 8
 We review both a court's decision to award costs and attorneys' fees and also a court's decision regarding sanctions related to discovery under an abuse of discretion standard. See G.J.B. & Assocs., Inc. v. Singleton, 913 F.2d 824, 825 (10th Cir.1990); Gates v. United States, 752 F.2d 516, 517 (10th Cir.1985). After reviewing the record with respect to both of these determinations by the district court, we conclude that the court did not abuse its discretion.
 
 
 9
 Accordingly, the order of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3