Jay L. DEPEW, Plaintiff,

v.

**UNITED STATES of America,
Defendant and Counterclaim
Plaintiff,**

v.

**Jay L. Depew, Counterclaim Defendant.**

**No. Civ.A. 94–B–2490.**

United States District Court,
D. Colorado.

Feb. 3, 1999.

Jay L. Depew, Lakewood, CO, pro se.

Joel J. Roessner, Trial Atty., Tax Division, U.S. Dept. of Justice, Washington, DC, for U.S.

## ORDER

BABCOCK, District Judge.

Defendant, United States of America ("the United States"), pursuant to Rule 56, moves for summary judgment on its counterclaim for injunctive relief. The United States also requests that I take judicial notice of five orders issued by the United States Tax Court and the United States Court of Appeals for the Tenth Circuit, Plaintiff, Jay L. Depew, moves for judgment on the pleadings pursuant to Rule 12(c). The motions are adequately briefed and oral argument will not aid materially their resolution. Jurisdiction exists under 28 U.S.C. §§ 1331 & 1651(a). For the reasons set forth below, I grant the United States' motion for summary judgment. I also take judicial notice of the five orders and deny Mr. Depew's motion for judgment on the pleadings.

### I. PROCEDURAL HISTORY

Mr. Depew commenced this action on November 1, 1994 by filing a "Petition to Challenge IRS Assumed In Personam And Subject Matter Jurisdiction Over Complainant." On December 30, 1994, the United States filed a motion to dismiss Mr. Depew's petition.

On March 6, 1995, the United States filed a counterclaim for injunctive relief, seeking to enjoin Mr. Depew from commencing frivolous and vexatious litigation against the United States, its agencies, and its officers, regarding the validity of federal taxation laws and Mr. Depew's liability for federal taxes. Mr. Depew filed a motion to quash the government's counterclaim on March 28, 1995.

On August 8, 1995, I entered a special order of reference to Magistrate Judge Bruce D. Pringle, directing him to make recommendations on pending motions. On October 25, 1995, Magistrate Judge Pringle recommended granting the government's motion to dismiss and denying Mr. Depew's motion to quash. On November 8, 1995, I entered an order adopting Magistrate Judge Pringle's recommendations, dismissing Mr. Depew's petition, denying Mr. Depew's motion to quash the government's counterclaim, and directing Mr. Depew to answer the government's counterclaim. Mr. Depew filed a "Response to Respondents' Counterclaim" on November 21, 1995, which I deem an answer. Mr. Depew appealed from my November 8, 1995 order to the Tenth Circuit Court of Appeals. The Court of Appeals dismissed Mr. Depew's appeal for lack of prosecution on January 29, 1996. Accordingly, only the government's counterclaim requires adjudication.

### II. PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

#### a. Legal Standards Applicable to Rule 12(c) Motions

When a party moves to dismiss pursuant to Rule 12(c), courts review the judgment on the pleadings under the standard of review applicable to a Rule 12(b)(6) motion to dismiss. *McHenry v. Utah Valley Hosp.*, 927 F.2d 1125, 1126 (10th Cir.1991). Thus, dismissal of the United States' counterclaim is appropriate only if it appears that the United States can prove no set of facts in support of its counterclaim that would entitle it to relief. *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 924 (10th Cir.1994). I must accept all the well-pleaded allegations of the counterclaim as true and construe them in the light most favorable to the United States. *Id.* The dismissal of a complaint or counterclaim is a "harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Summum v. Callaghan*, 130 F.3d 906, 913 (10th Cir.1997) (quotations omitted). In analyzing Mr. Depew's motion for judgment on the pleadings, I exclude from consideration all material presented outside the pleadings. *See Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1265 (10th Cir. 1996).

**b. Analysis of Plaintiff's Motion for Judgment on the Pleadings**

Mr. Depew presents several arguments in support of his motion. I address each argument separately.

**1. *Failure to State a Claim Upon Which Relief Can Be Granted***

Mr. Depew first argues that the government's counterclaim fails to state a claim upon which relief can be granted. I disagree. The government alleges that Mr. Depew commenced "frivolous and vexatious litigation against the United States, its agencies and/or officers." (Counterclaim ¶ 1.) The government claims that it is without a legal remedy to stop Mr. Depew from filing frivolous and vexatious litigation and, therefore, seeks equitable relief enjoining Mr. Depew from commencing additional litigation without first seeking leave of the court.

▆▆ Contrary to Mr. Depew's contentions, such injunctive relief is an appropriate equitable remedy for the deterrence of repetitive, frivolous, and vexatious litigation. *See Christensen v. Ward,* 916 F.2d 1485, 1485 (10th Cir.1990); *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989); *Van Sickle v. Holloway,* 791 F.2d 1431, 1437 (10th Cir.1986) (prohibiting complaints raising same or similar allegations in case at bar); *Merrigan v. Affiliated Bankshares of Colorado, Inc.,* 775 F.Supp. 1408, 1413 (D.Colo.1991) ("Injunctive sanctions are appropriate where monetary sanctions are not effective."). "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati,* 878 F.2d at 353 (citation omitted). Although litigiousness alone will not support an injunction restricting filing activities, injunctions are proper where the litigant's abusive and lengthy history is properly set forth. *Id.* (collecting cases).

The government's counterclaim alleges that Mr. Depew has brought five frivolous and vexatious lawsuits based on the same or similar arguments, each resulting in dismissal. Specifically, the government avers that Mr. Depew commenced two frivolous lawsuits in the United States Tax Court, two frivolous appeals in the Tenth Circuit Court of Appeals, and this action. As noted above, I dismissed Mr. Depew's petition in this case on November 8, 1995. I conclude, therefore, that the government's counterclaim states a claim upon which relief can be granted.

**2. *Delegation of Authority***

Mr. Depew next argues that the government's counterclaim was not authorized by properly delegated authority. The Internal Revenue Code states, in relevant part: "No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced." 26 U.S.C. § 7401. In its counterclaim, the government states: "This counterclaim is commenced pursuant to the Internal Revenue Code Section 7401 (26 U.S.C.) under the direction of the Attorney General of the United States, and with the authorization and sanction of the District Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States." (Counterclaim ¶ 2.) Accordingly, I reject Mr. Depew's second argument.

**3. *The Bar of the Court***

Next, Mr. Depew contends that counsel for the government is not admitted to practice law in the State of Colorado. Although true, Mr. Depew's contention is of no consequence. As attorneys for the Department of Justice, the government's current and former counsel are authorized to appear before this court pursuant to 28 U.S.C. §§ 515–516. To the extent Mr. Depew contends that the government's power is confined to the District of Columbia, the Tenth Circuit Court of Appeals rejected that argument in *Lonsdale v. United States,* 919 F.2d 1440, 1448 (10th Cir.1990)

(holding the argument is "completely lacking in legal merit and patently frivolous"). Thus, I reject Mr. Depew's third argument. Mr. Depew's remaining contentions pertain to the merits of the counterclaim, or are barred by the doctrines of law of the case, *res judicata*, or collateral estoppel. I deny, therefore, Mr. Depew's motion for judgment on the pleadings.

## II. THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

### a. Summary Judgment Legal Standards

Rule 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The non-moving party has the burden of showing that issues of undetermined material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, that it believes demonstrate the absence of genuine issues for trial. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548; *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir.1992). Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980); Fed.R.Civ.P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the pleadings themselves." *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548.

Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence present in the motion and response. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party. *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. 2505; *Mares*, 971 F.2d at 494.

### b. Facts Pertaining to the Government's Motion for Summary Judgment

The following material facts are undisputed unless otherwise noted. On July 24, 1992, the Internal Revenue Service ("IRS") issued three notices of deficiency regarding Mr. Depew's failure to pay income taxes for tax years 1983–1990. On September 8, 1992, Mr. Depew challenged the three notices of deficiency by filing a petition in the United States Tax Court on September 8, 1992. On December 15, 1992, the United States Tax Court dismissed Mr. Depew's petition for failure to state a claim upon which relief can be granted, sustained the IRS's determination of deficiencies, and imposed a $1,000 sanction against Mr. Depew pursuant to 26 U.S.C. § 6673(a) for filing a petition primarily for the purposes of delay. *Jay L. Depew v. C.I.R.*, Docket No. 20386–92 (T.C. Dec. 13, 1992) (Def's Ex. 1 of Request for Judicial Notice) (hereinafter, "*Depew I*"). The Tax Court's order states, in relevant part:

> Petitioner alleges that, as a citizen of the Republic of Colorado, he is a nonresident alien and is not subject to Federal income tax. The petition and amend-

ment to petition do not comply with Rule 34, Tax Court Rules of Practice and Procedure. Moreover, petitioner has failed to take advantage of the opportunity to file a proper amended petition pursuant to the Court's order dated October 29, 1992.

The petition and amendment to petition contain frivolous tax-protestor arguments that have been rejected by the Court on numerous occasions. *See Abrams v. Commissioner*, 82 T.C. 403, 1984 WL 15543 (1984); *Rowlee v. Commissioner*, 80 T.C. 1111, 1983 WL 14844 (1983); *McCoy v. Commissioner*, 76 T.C. 1027, 1981 WL 11241 (1981), affd. 696 F.2d 1234 (9th Cir.1983). As such, we cannot envision any reason to again refute these arguments with somber reasoning and copious citation of precedent, because to do so might suggest that these arguments have some colorable merit. *Crain v. Commissioner*, 737 F.2d 1417 (5th Cir.1984).

Moreover, the petition does not contain specific justiciable allegations of error and the facts upon which the assignments of error are based as required under our rules dictating the form and content of petitions filed with this Court. Rule 34, Tax Court Rules of Practice and Procedure. Our rules provide that failure of a petition to conform with these requirement may be grounds for dismissal. Rules 34(a)(1) and 123(b), Tax court Rules of Practice and Procedure. Since petitioner failed to raise an argument on which relief may be granted in his petition and failed to respond to the Court's order to file a proper amended petition, respondent's motion to dismiss will be granted.

We are further convinced that the petition filed in this case was filed primarily for purposes of delay. Under similar circumstances, we have imposed penalties on the taxpayer pursuant to section 6673(a). *Rowlee v. Commissioner, supra.* Given the frivolous nature of the allegations raised in the petition, we conclude that such a penalty is appropriate in this case.

*Depew I* at 2–3 (Def.'s Ex. 1 of Request for Judicial Notice.)

Mr. Depew appealed from the Tax Court's December 13, 1992 order to the Tenth Circuit Court of Appeals. On February 24, 1994, the Court of Appeals affirmed the Tax Court's order and imposed an additional sanction of $1,500 against Depew. The Tenth Circuit's order and judgment states, in relevant part:

Based upon our review of the briefs, the record, and the pertinent law, we find petitioner's appeal to be frivolous for substantially the same reasons set forth by the Tax Court in its dismissal order of December 15, 1992.

The Commissioner has asked that we impose sanctions in the amount of $1,500 against petitioner for pursuing this frivolous appeal. *See Casper v. Commissioner*, 805 F.2d 902, 906 (10th Cir.1986) (adopting "a rule awarding a flat fee of $1,500 as a sanction for a frivolous appeal from a Tax Court decision"). Petitioner has had notice and an opportunity to respond to the request for sanctions. *See Braley v. Campbell*, 832 F.2d 1504, 1515 (10th Cir.1987). Because petitioner's arguments on appeal are legally frivolous, we impose sanctions against petitioner in the amount of $1,500.

*Jay L. Depew v. C.I.R.*, 1994 WL 55564, Docket No. 93–9007 (10th Cir. Feb.24, 1994) (Def.'s Ex. 2 of Request for Judicial Notice) (hereinafter, *"Depew II"*).

On May 19, 1994, the IRS issues a notice of deficiency regarding Mr. Depew's failure to pay income taxes for tax years 1991–1992. Mr. Depew again petitioned the United States Tax Court, challenging the government's taxation authority. The Tax Court sustained the deficiencies and dismissed Mr. Depew's petition. In a bench ruling, the Tax Court stated:

The petition filed in this case does not satisfy the requirements of Rule 34(b)(8), 34(b)(4) and (5). There is neither assignment of any error nor allegation of fact in support of justiciable claim. Rather there is noting but a

hodgepodge of tax protestor rhetoric, irrelevant platitudes, unsupported assertions and legalistic gibberish.

We see no need to catalogue Petitioner's contentions and painstakingly address them. We have dealt with many of them before, e.g., *Neiman v. Commissioner*, TC Memo (1993), 533; *Solomon v. Commissioner*, TC Memo (1993), 509.

Moreover, as the court of Appeals for the 5th Circuit has remarked, "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent. To do so might suggest these arguments have come colorable merit." *Crane v. Commissioner*, 737 Federal 2d 1417, (5th Circuit, 1984) affirming per curiam an unreported order of this Court.

Petitioner's contentions that his status does not require him to pay tax on his income are incorrect as a matter of law. Because the petition fails to state a claim upon which relief can be granted, we will grant so much of Respondent's motion that moves to dismiss. See *Scherping v. Commissioner*, 747 F.2d 478 (8th Cir.1984) affirming per curiam an unreported order of this Court.

\* \* \* \* \* \*

The record in this case convinces us that Petitioner was not interested in disputing the merits of either the deficiency in income tax or the additions to tax determined by Respondent in the notice of deficiency.

Rather, the record demonstrates that Petitioner regards this case as a vehicle to protest the tax laws of this country and espouse his own misguided views. A petition to the Tax Court is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. *Coleman v. Commissioner*, 791 F.2d 68, 71 (7th Cir.1986) affirming an unreported order of this Court.

Petitioner's position as set forth in the petition consists solely of tax protestor rhetoric and legalistic gibberish. Based on well-established law, Petitioner's position is frivolous and groundless.

We are also convinced that Petitioner instituted and maintained the proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time as well as Respondent's. Moreover, taxpayers with genuine controversies were delayed.

In view of the foregoing, we will exercise our discretion under Section 6673(a) and require Petitioner to pay a penalty to the United States in the amount of $1,000.

(Transcript of 10/20/94 Proceedings in *Jay L. Depew*, Docket No. 9470–94 (Def.'s Ex. 4 of Request for Judicial Notice).) On December 6, 1994, the Tax Court entered a written judgment incorporating its bench ruling. *Jay L. Depew*, Docket No. 9470–94 (T.C. Dec. 6, 1994) (Def.'s Ex. 4 of Request for Judicial Notice) (hereinafter, "*Depew III* ").

Mr. Depew then appealed from the Tax Court's December 6, 1994 order to the Tenth Circuit Court of Appeals. The Tenth Circuit held, *inter alia:*

Petitioner has a history of disputing his federal income tax obligations, including a previous appeal to this court of an unfavorable tax court decision. See *Depew v. Commissioner of Internal Revenue*, No. 93–9007, 1994 WL 55564 (10th Cir. Feb.24, 1994). In this prior appeal, we affirmed the decision of the tax court. Moreover, we found petitioner's appeal frivolous and imposed sanctions in the amount of $1,500. Petitioner has never paid these sanctions.

"Courts have inherent power to dismiss actions for nonpayment of costs in prior actions. This power also extends to a litigant's failure to pay previously imposed sanctions." *Hymes v. United States*, 993 F.2d 701, 702 (9th Cir.1993) (citation omitted). Because petitioner has refused to comply with a previous order of this court, we refuse to entertain the instant appeal. We therefore

DISMISS this appeal. Furthermore, we direct the clerk of this court to refuse to accept further filings from petitioner without prior leave of this court. See *Christensen v. Ward*, 916 F.2d 1462, 1469 (10th Cir.), cert. denied, 498 U.S. 999, 111 S.Ct. 559, 112 L.Ed.2d 565 (1990).

*Jay L. Depew v. Commissioner*, Docket No. 95–9001, 1995 WL 509947 (10th Cir. Aug. 28, 1995) (Def.'s Ex. 5 of Request for Judicial Notice) (hereinafter, "*Depew IV*").

Lastly, as documented above, Mr. Depew commenced this action on November 1, 1994 by filing a "Petition to Challenge IRS Assumed In Personam And Subject Matter Jurisdiction Over Complainant." In his recommendation, Magistrate Judge Pringle stated, in relevant part:

> To the extent that Depew seeks other declaratory relief that he is not subject to federal laws or injunctive relief restraining the IRS from assessing and collecting income tax deficiencies and penalties, the Court lacks jurisdiction over the subject matter of his claims.

> \* \* \* \* \* \*

Not only are Depew's claims jurisdictionally deficient, they are also substantively frivolous. The Petition asserts that there is no statutory authority for imposing an income tax on individuals, the United States Court of Appeals for the Tenth Circuit has found this same contention to be "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir.1990).

Depew also states that the federal government's jurisdiction is limited to the District of Columbia and "other exclusive federal areas," and as a result, individuals domiciled in the several states are nonresident aliens. Based on his alleged "nonresident alien" status, Depew contends that he is neither "a person" nor a "taxpayer," within the meaning of the federal income tax laws. The very same arguments have been made and rejected as frivolous in numerous tax protester cases.

(Recomm. of 10/24/95 at 4–5.) On November 8, 1995, I entered an order adopting Magistrate Judge Pringle's recommendations, dismissing Mr. Depew's petition. Mr. Depew appealed from my November 8, 1995 order on November 21, 1995. The Court of Appeals dismissed Mr. Depew's appeal for failure to prosecute on January 29, 1996.

### c. Analysis of the Government's Motion for Summary Judgment

 Imposing restrictions on filing activities is not something I take lightly. In determining whether restriction of filing activities is warranted, I must consider not only the instant litigation, but also whether the litigant has a history of filing non-meritorious cases. Litigiousness alone will not support an injunction restricting filing activities. *In re Oliver*, 682 F.2d 443, 446 (3d Cir.1982). I must also consider the viability of less onerous sanctions. *Id.* Even if injunctive relief is warranted, I may not impose conditions so burdensome that they deny a litigant meaningful access to the courts. *Castro v. United States*, 775 F.2d 399, 410 (1st Cir. 1985). In addition, the litigant against whom a request for such injunctive relief is directed must be afforded notice and an opportunity to appose the request. *Tripati*, 878 F.2d at 354.

In his response to the government's motion for summary judgment, Mr. Depew asserts various arguments. I address each argument separately.

#### 1. *Delegation of Authority*

First, Mr. Depew argues that counsel for the government "was never delegated the authority to file the Counterclaim." (Plf.'s Resp. to Def.'s Mot.Summ.J. at 2.) In response to Mr. Depew's first argument, counsel for the government filed the following written statement:

> 1. I am employed by the Tax Division of the United States Department of Justice and represent the United States in this action.

2. By letter dated December 15, 1994, the District Counsel, Internal Revenue Service, Denver District, a delegate of the Secretary of the Treasury, authorized the Department of Justice to bring a claim against Jay L. Depew to enjoin his filing further actions regarding his federal taxes without first obtaining leave of court.

3. By letter dated March 3, 1995, Assistant Attorney General, Tax Division, a delegate of the Attorney General, authorized bring the government's claim against Jay L. Depew to enjoin his filing further actions regarding his federal taxes without first obtaining leave of court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

(Declaration of Rossner of 3/6/96). The record reflects that Mr. Depew has not responded to the government's statement by adducing his own evidence to controvert counsel's statement. Once the government offered some evidence of its compliance with 26 U.S.C. §§ 7401 and 7403(a), Mr. Depew had the burden of going forward with evidence to establish his affirmative defense. *See Simopoulos v. Virginia,* 462 U.S. 506, 510, 103 S.Ct. 2532, 76 L.Ed.2d 755 (1983) ("Placing upon the defendant the burden of going forward with evidence on an affirmative defense is normally permissible."); *Patterson v. New York,* 432 U.S. 197, 207–208, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). Mr. Depew has failed to meet his burden and, therefore, I conclude that the government has complied with §§ 7401 and 7403(a) as a matter of law.

### 2. *The Bar of the Court*

Again, Mr. Depew contends that counsel for the government is not admitted to practice law in the State of Colorado. I have already rejected the relevance of this contention. *See* Section II(b)(2), *supra.* As attorneys of the Department of Justice, counsel for the government may appear before this court pursuant to 28 U.S.C. §§ 515–516.

### 3. *Constitutional Validity of the Requested Filing Restriction*

Mr. Depew next argues that the sanctions sought violate "the Constitutional guarantee of freedom of speech and the right to seek redress against grievances." (Plf.'s Resp. to Def.'s Mot.Summ.J. at 2.) As noted above, injunctive relief is an appropriate equitable remedy for the deterrence of repetitive, frivolous, and vexatious litigation. *See Christensen,* 916 F.2d at 1485; *Tripati,* 878 F.2d at 353 ("[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."); *Van Sickle,* 791 F.2d at 1437; *Merrigan,* 775 F.Supp. at 1413. Accordingly, I reject Mr. Depew's constitutional argument.

### 4. *Statutory Validity of the Requested Filing Restriction*

 Mr. Depew next avers that there is no statutory authority for the requested sanction. I agree. The government, however, moves for injunctive relief, which is equitable in nature. The government need not have a legal, or statutory remedy, to move for injunctive relief. Indeed, the government cannot seek equitable relief if it has an adequate remedy at law. *See Floyd v. Internal Revenue Service,* 151 F.3d 1295, 1300 (10th Cir.1998). Thus, I reject Mr. Depew's statutory argument.

### 5. *Relevance of Depew I and Depew III*

Mr. Depew argues that filing in the Tax Court is "not the same" as filing in the District Court and, therefore, I should not consider *Depew I* and *Depew III* as prior, relevant actions. (Plf.'s Resp. to Def.'s Mot.Summ.J. at 3.) That the Tax Court was created under Article I rather than Article III of the United States Constitution is inconsequential to my analysis. I find no reason, and Mr. Depew offers none, to exclude *Depew I* and *Depew III* from consideration. His conduct before

the Tax Court is relevant to the government's claim for injunctive relief. *See* Fed.R.Evid. 401; Fed.R.Evid. 402. Yet because his most recent appeal was dismissed for lack of prosecution, and because the record does not indicate the arguments presented in that appeal, I exclude from consideration Mr. Depew's appeal of my November 8, 1995 order.

### 6. *Scope of the Requested Restriction*

Mr. Depew's remaining arguments pertain to the scope, or harshness, of the government's requested filing restriction. He contends that he filed *Depew I* and *Depew III* "in self defense" and that those filings were not "preferred nor desired." He also argues that the IRS "actively solicited" him to file *Depew I* and *Depew III*. (Plf.'s Resp. to Def.'s Mot.Summ.J. at 3.) Yet it is not the defensive or preemptive nature of Mr. Depew's litigation that is troublesome. Rather, it is the repetitious assertion of similar, frivolous, legal argument.

■ The undisputed material facts demonstrate that Mr. Depew has prosecuted five frivolous actions: two before the United States Tax Court (*Depew I* and *Depew III*), two before the Court of Appeals (*Depew II* and *Depew IV*), and the instant action before this Court. In the first four actions, Mr. Depew asserted the same or similar arguments in challenging the government's authority. In the instant action, Mr. Depew asserted the same or similar arguments, but moved preemptively for declaratory relief before the issuance of a deficiency notice. Each Court, and nine different judges, rejected Mr. Depew's petitions or claims as frivolous or without merit. While it is apparent that Mr. Depew believes strongly in his cause, he continually asserts arguments that have been rejected by the nation's highest courts.

It is also noteworthy that three Courts imposed monetary penalties on Mr. Depew (*Depew I, Depew II,* and *Depew III*). In *Depew IV,* after noting that Mr. Depew failed to pay the sanction imposed by it in *Depew II,* the Court of Appeals prohibited Mr. Depew from filing further pleadings except without leave. He has demonstrated, therefore, that lesser sanctions have not, and likely will not, deter him from instituting frivolous litigation.

I reject Mr. Depew's contentions and grant the government's motion for summary judgment. I do not find that the government's proposed restrictions are too onerous. Indeed, the government's proposed restriction is narrowly tailored and will not preclude Mr. Depew from meaningfully accessing the Courts. I adopt, with minor modifications as set forth below, the government's proposed injunction.

Accordingly, I ORDER that:

(1) plaintiff's motion for judgment on the pleadings is DENIED;

(2) defendant's motion for summary judgment is GRANTED;

(3) defendant is AWARDED its costs; and

(4) the following injunction is ENTERED:

 (a) plaintiff, Jay L. Depew, is permanently enjoined from filing any action against the United States, its agencies and officers, without first obtaining the permission of the court in which he seeks to commence such action, related to: (i) the validity and/or scope of federal tax laws and regulations; (ii) the assessment and/or collection of his federal tax liabilities; and (iii) whether he is subject to, or liable for payment of, federal taxes;

 (b) the permission of the court is a condition precedent to the commencement of such an action and the failure to obtain such permission is grounds for immediate dismissal of the action;

 (c) in seeking permission to commence such action, Jay L. Depew must: (i) file a motion entitled "Motion Pursuant to Court Order Seeking Leave to File" and attach thereto a copy of his

proposed complaint, petition, writ, or other paper; (ii) attach to that motion a signed and sworn declaration, made under the penalty of perjury and pursuant to 28 U.S.C. § 1746, certifying that his claims or other requested relief have not been previously litigated and resolved, and that the claims are not frivolous or made in bad faith; (iii) as a second exhibit to that motion, attach a copy of this order; (iv) as a third exhibit to that motion, identify and list the full caption of each and every past and pending suit related to federal taxation filed by him or on his behalf; (v) as a fourth exhibit to that motion, attach a copy of the complaint, answer, or petition (including amendments and supplements) for each suit identified pursuant to subsection (iv).