**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANTHONY T. WILLIAMS,

      Plaintiff-Appellant,

v.

SCOTT SHIELDS, in his individual
and official capacities; REX
ESKRIDGE, in his individual
capacity and his official capacity
as Chief of Police, Muskogee Police
Department; THE CITY OF
MUSKOGEE, OKLAHOMA,

      Defendants-Appellees,

and

DAVID ANDERSON, in his
individual and official capacities;
WALTER BECKMAN, City Manager
of Muskogee Municipal Corporation
in the State of Oklahoma; JOHN
DOES, various agents, employees,
supervisors, and/or policy makers of
the County of Muskogee;
MUSKOGEE COUNTY,
OKLAHOMA, a subordinate political
entity of the State of Oklahoma,

      Defendants.

No. 03-7003
(D.C. No. 02-CV-383-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **TYMKOVICH** , **HOLLOWAY** , and **ANDERSON** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff seeks review of the district court's dismissal of his complaint for damages brought under 42 U.S.C. §§ 1983, 1985, and 1988, several amendments to the United States Constitution, portions of the Oklahoma Constitution, and Oklahoma state law. In essence he alleged that his rights were violated by his wrongful arrest and imprisonment between July 3 and July 11, 2000. The district court, by separate minute orders, granted the county's motion for summary judgment and the city defendants' motion to dismiss. These motions were based on statute of limitations grounds, in part for failure to bring the federal claims within two years of the alleged constitutional violations and in part for failure to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

comply with the Oklahoma Governmental Tort Claims Act with regard to the state law claims. We have jurisdiction, and we reverse and remand the matter for further proceedings. [1]

We review both the dismissal and the grant of summary judgment de novo. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quotation omitted). Summary judgment, on the other hand, "is warranted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (quotation omitted).

The underlying facts are not in dispute at this juncture. Plaintiff was arrested on July 3, 2000 by officers of the City of Muskogee, who then transported him to the city jail believing there were outstanding felony and/or misdemeanor warrants pending against him. On July 4, 2000, he was transferred

---

[1] Although the district court did not enter a separate judgment dismissing this action, because "no question exists as to the finality of the district court's decision, the absence of a Rule 58 judgment will not prevent appellate review." *Burlington N. R.R. v. Huddleston*, 94 F.3d 1413, 1416 n.3 (10th Cir. 1996). To the extent defendants appear to challenge the timeliness of the appeal, plaintiff's notice of appeal was filed within the time requirements of Fed. R. App. P. 4(a)(1)(A), and is therefore timely.

to the county jail and was subsequently arraigned. On July 10 he was ordered released as a "misidentified defendant." Aplee. Supp. App. at 43-44. It further appears that the outstanding warrants named not plaintiff, but his brother. Plaintiff contended that throughout his brief incarceration he attempted to tell various defendants they had arrested the wrong person, but that he was ignored. He further averred that he was released from custody on July 11, 2000.

The exact release date is crucial because plaintiff did not file his complaint until July 11, 2002. Under *Wilson v. Garcia*, 471 U.S. 261, 280 (1985), the applicable state statute of limitations for personal injury actions applies to § 1983 claims. The same rule applies to actions brought under § 1985. *Merrigan v. Affiliated Bankshares of Colo., Inc.*, 775 F. Supp. 1408, 1411 (D. Colo. 1991), *aff'd on other grounds*, 1992 WL 43491 (10th Cir. Mar. 2, 1992) (unpublished). In Oklahoma that period is two years. *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). Thus, if plaintiff was released on July 10 as defendants claim, his complaint was filed beyond the limitations period. *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) (under Fed. R. Civ. P. 6(a) "when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act"). [2]

---

[2]     We are not unmindful of the city defendants' arguments that their only apparent connection with plaintiff occurred incident to his arrest on July 3 and did

(continued...)

In his complaint plaintiff alleged that he was in fact released on July 11, 2000. Defendants countered in their dispositive motions with the county court judge's order of release dated July 10, 2000, and with a computer-generated "Inmate Book-In Sheet" reflecting plaintiff's release on July 10, 2000, at 5:45 p.m. Aplee. Supp. App. at 12, 43-44. In response, plaintiff submitted his affidavit attesting that notwithstanding the judge's July 10 release order, "the people in charge of the Muskogee County Jail continued to hold me until July 11, 2000." Aplt. App. at 26.

Defendants have labeled plaintiff's affidavit as conclusory and self-serving and therefore insufficient to support the denial of the motions to dismiss and for summary judgment. Aplee. Br. at 9-10. The district court's minute orders granting defendants' motions provide no insight as to whether the court agreed with this argument or, indeed, even considered plaintiff's affidavit. Although because made by a party to the action the affidavit might logically be called self-serving, it is nonetheless factually specific in nature. The documents submitted by defendants establish only that plaintiff was ordered released on July 10 and that the computer-generated county jail records indicate his release on that date.

---

[2](...continued)
not carry forward until his subsequent release on July 10 or 11. On remand, these defendants are free to reargue their position on the cut-off date for their liability.

-5-

As long as an affidavit is "based upon personal knowledge and set[s] forth facts that would be admissible in evidence," *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991), such averment of a party is legally competent to oppose summary judgment, notwithstanding its inherently self-serving nature. Certainly the exact date of his release from the county jail is a specific fact within plaintiff's personal knowledge. We cannot, therefore, agree at this stage that plaintiff's affidavit was "merely conclusory." *See Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995). For similar reasons we cannot hold that plaintiff can prove no set of facts in support of his claim for relief therefore entitling the city defendants to a Fed. R. Civ. P. 12(b)(6) dismissal.

Accordingly, the district court's orders on defendants' motions for dismissal and summary judgment are REVERSED and the cause is REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-6-